**William Clayton SHEHANE, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–82–046–CR.**

Court of Appeals of Texas,
Fort Worth.

Jan. 26, 1983.

Rehearing Denied Feb. 16, 1983.

Travis W. Young, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Fort Worth, and James J. Heinemann, Asst. Dist. Atty., for State.

Before FENDER, C.J., and JORDAN and BURDOCK, JJ.

OPINION

FENDER, Chief Justice.

This is an appeal from a conviction for possession of marihuana. Punishment is imprisonment for four years.

We affirm.

Appellant William Shehane's sole ground of error attacks the sufficiency of the search warrant affidavit to show probable cause as to the location of the contraband. He complains that the use of the preposition "at" in the phrase "Bill Shehane is residing at 3432 Hardeman Street . . ." and the preposition "to" in the phrase "informant had been to 3432 Hardeman Street . . ." is not specific enough to place the contraband inside the residence at that address. His argument is that the contraband could be on the front porch or out in the yard.

Taking the affidavit as a whole and viewing the words used in the light of local colloquial usage, there is no reasonable doubt that the affidavit places the contraband inside the residence. One would not say that "Bill Shehane is residing *in* 3432

Hardeman Street ..." Shehane's ground of error is overruled.

The judgment is affirmed.